**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 13, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM PATRICK POTTS, a/k/a
Pat Potts,

Defendant - Appellant.

No. 09-7085

(E.D. Oklahoma)

(D.C. No. 6:08-CR-00080-RAW-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **ANDERSON**, and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Following a jury trial, defendant and appellant William Patrick Potts was convicted of one count of being a felon in possession of a firearm, in violation of

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). He was sentenced to 188 months' imprisonment, followed by five years of supervised release. Mr. Potts filed a timely notice of appeal, and his appointed counsel, Rex Earl Starr, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), moving to withdraw as counsel. For the reasons set forth below, we agree with Mr. Starr that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and dismiss this appeal.

**BACKGROUND**

After several encounters with law enforcement personnel and a confidential informant, Mr. Potts was ultimately arrested by ATF Special Agent Ashley Stephens on November 14, 2008, in Cherokee County, Oklahoma. He was charged with being a felon in possession, after selling a .22 Win Mag rifle to the confidential informant. When agents executed a search warrant at his house, they also discovered a loaded Remington, Model 200, .243 caliber rifle and some .22 caliber ammunition and 12 gauge shotgun ammunition.

Mr. Potts refused to enter into a plea agreement, and insisted on going to trial. The jury trial took place on March 12 and 13, 2009, at the conclusion of which the jury found Mr. Potts guilty. Thereafter, the United States Probation Office prepared a presentence agreement ("PSR") in anticipation of sentencing

under the advisory United States Sentencing Commission Guidelines Manual ("USSG").

The PSR determined that Mr. Potts "qualif[ies] as an armed career criminal as he has at least three (3) prior convictions which are considered violent felony offenses and were committed on occasions separate from one another per the statutory language of 18 U.S.C. §§ 924(e)(2)(A) and (B)." PSR ¶ 21, R. Vol. 3 at 4.[1] As an Armed Career Criminal ("ACC"), Mr. Potts was assigned a total offense level of 33, and he was assigned a criminal history category of IV. These together yielded an advisory Guideline sentencing range of 188 to 235 months.

---

[1]The PSR listed the following as the predicate convictions for armed career criminal purposes:

1)    Assault with Dangerous Weapon / District Court, Cherokee County, Tahlequah, Oklahoma, case number CRF-80-93, in which the defendant was sentenced on August 21, 1980, to two years suspended.

2)    Assault and Battery with a Dangerous Weapon / District Court, Cherokee County, Tahlequah, Oklahoma, case number CRF-81-153, in which the defendant was sentenced on March 18, 1982, to five years custody with four years to be suspended.

3)    Murder Second Degree / District Court, Delaware County, Jay, Oklahoma, case number CRF-87-94, in which the defendant was sentenced on July 11, 1988, to fifteen years custody with thirteen years to be suspended.

PSR ¶ 21, R. Vol. 3 at 4.

Pursuant to statute, because of Mr. Potts' three previous violent felonies, the statutory minimum applicable to Mr. Potts was fifteen years.

Neither party filed objections to the PSR. At sentencing, the district court determined that the PSR had correctly determined Mr. Potts should be sentenced as an ACC. Also at sentencing, Mr. Potts asked for leniency, in part because his prior murder conviction was apparently eventually reversed,[2] and because it had been a long time since his last felony. The government asked that Mr. Potts be sentenced at the high end of the advisory range, while he urged the court to sentence him at the low end of that range. The court ultimately sentenced Mr. Potts to 188 months, the low end of the advisory range. In so sentencing him, the court stated as follows:

> [T]he government has asked for the high end of the range. Mr. Starr [defense counsel] has asked for the low end of the range. The Court is swayed by the fact that the Armed Career Criminal enhancements are quite a long time ago. Mr. Potts is three months younger than me, and the low end of the range will get him out of prison when he is over 60 years-old and I think the low end of the range will be just fine.
>                          . . . .
>     In formulating the sentence imposed, this Court has considered the nature and circumstances of the offense, as well as the characteristics and criminal history of the defendant. The Court has further taken in to consideration the Sentencing Guideline calculations contained within the Presentence Report, in addition to any objections, clarifications, additions or deletions to those

---

[2]The circumstances surrounding this reversal are very murky; significantly, for the purpose of this appeal, no one argues that that fact should undermine the conclusion that Mr. Potts is an armed career criminal and was properly sentenced as such.

guideline calculations identified in the addendum to the report or announced in open Court today. While the Court recognizes that it is not bound by the sentencing guideline calculations, the Court has considered them and finds them to be advisory in nature.

The sentence prescribed by this Court reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense. This sentence affords adequate deterrence to criminal conduct, protects the public from further crimes of this defendant and provides correctional treatment for the defendant in the most effective manner. The Court has further determined that this sentence is reasonable and sufficient, but no greater than necessary to meet the objectives set forth in 18 [U.S.C. § ] 3553(a).

Tr. of Sentencing at 17, 20-21, R. Vol. 2 at 434, 437-38. Thus, the court imposed its 188-month sentence.


## DISCUSSION

In Anders, the Supreme Court held that if a defendant's counsel "finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Anders, 386 U.S. at 744. Counsel must submit to both the court and his client a "brief referring to anything in the record that might arguably support the appeal." Id. The defendant may then "raise any points that he chooses." Id.

The reviewing court must examine all the proceedings to determine whether the appeal is frivolous. Anders, 386 U.S. at 744. "If it so finds, it may grant counsel's request to withdraw and dismiss the appeal." Id. "On the other hand, if it finds any of the legal points arguable on their merits (and therefore not

frivolous) [the reviewing court] must, prior to decision, afford the indigent [defendant] the assistance of counsel to argue the appeal." Id.

In this case, Mr. Potts has submitted a handwritten note, dated 4/26/10, addressed to Betsy Shumaker, the Clerk of our court, in which he states the following:

> Dear Miss Shumaker,
>
> I'm writing this to let you know I got [to] 6 grade in school. Rex Starr is my lawyer I want a appeal not a Anders Brief??
> Please give me a lawyer to look over my records my witness against me was Keif Deen? He is saying now A.T.F. Stevens told him to lie?
> Please help me.
>                                   Pat Potts

The government has elected not to submit a brief. Accordingly, we base our conclusions on counsel's brief and our own careful review of the record.

Mr. Potts' counsel suggests no potentially appealable issues. Rather, he explains how vigorously he worked to encourage Mr. Potts not to appeal, as he can see no nonfrivolous basis for an appeal. We agree with Mr. Starr, Mr. Potts' counsel. We can find nothing, either during the trial or during the sentencing proceedings, that raises any potential grounds for appeal. In particular, the sentence imposed seems both substantively and procedurally reasonable. Furthermore, we can find no evidence in the record supporting Mr. Potts' handwritten plea and allegation that ATF Agent Stephens either himself lied or

encouraged others to lie.  Absent such evidence, we cannot pursue such a vague and conclusory claim.

## CONCLUSION

We agree with Mr. Potts' counsel that no meritorious basis exists for Mr. Potts' appeal of either his conviction or his sentence.  We therefore GRANT his counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge